

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00218-CV

**EX PARTE** Jake Alexander **GARCIA**

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI21969
Honorable Angelica Jimenez, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed: December 12, 2018

DISMISSED

On November 5, 2018, this Court issued an order in this appeal. Because Appellant Jake Alexander Garcia has failed to comply with our November 5, 2018 order, we dismiss this appeal. *See* TEX. R. APP. P. 42.3(c).

On April 5, 2018, Garcia filed a notice of appeal stating his intent to appeal from the trial court's order denying his petition for expunction. On September 14, 2018, Garcia filed his appellant's brief. On October 29, 2018, the Bexar County District Attorney's Office filed a motion to dismiss this appeal for failure of appellant to serve the appropriate parties or, in the alternative, a motion for extension of time to file appellee's brief.

In its motion to dismiss, the Bexar County District Attorney's Office stated that (1) although District Attorney Susan A. Bowen of the Bexar County District Attorney's *Civil Division*

represented, in the trial court, the Bexar County respondents[1] to Garcia's petition for expunction and (2) although she was listed as the attorney of record on the trial court's final order denying Garcia's petition for expunction, she was never served with Garcia's notice of appeal or Garcia's brief. Instead, Garcia served the Appellate Division of the Bexar County District Attorney's Office, which handles *criminal appeals* and not civil appeals. Further, the Bexar County District Attorney's Office pointed out in its motion to dismiss that *none* of the other respondents to Garcia's petition for expunction were served with Garcia's notice of appeal or with Garcia's brief.

In our order of November 5, 2018, we explained that Texas Rule of Appellate Procedure 25.1(e) requires that the notice of appeal be "served on all parties to the trial court's final judgment." TEX. R. APP. P. 25.1(e). We further explained that after Garcia filed his petition for expunction in the trial court, the Texas Department of Public Safety ("TDPS") filed an answer and was a party to the underlying action. We noted, however, that Garcia had not served TDPS with the notice of appeal or his appellant's brief. We further noted that in his docketing statement filed with this Court, Garcia listed the only appellee as the "Bexar County District Attorney's Office." Thus, we concluded that TDPS was likely unaware of this appellate proceeding.

In its motion to dismiss, the Bexar County District Attorney's Office argued we should dismiss this appeal because Garcia had failed to serve his notice of appeal on all parties to the trial court's judgment. Because the Bexar County District Attorney's Office failed to cite any legal support giving this Court the authority to dismiss Garcia's appeal for failing to serve his notice of appeal on all parties to the judgment, we denied the motion to dismiss.

However, we ordered Garcia "to comply with Texas Rule of Appellate Procedure 25.1(e) by serving his notice of appeal on all parties to the trial court's judgment" on or before November

---

[1] For example, Bowen represented the Bexar County Sheriff's Office, the Bexar County Clerk's Office, the Bexar County District Clerk's Office, and the Bexar County District Attorney's Office.

15, 2018. We further ordered Garcia "to comply with Texas Rule of Appellate Procedure 9.5 by serving his appellant's brief on all parties to this proceeding" on or before November 15, 2018. Finally, we ordered Garcia "to file written proof in this Court" on or before November 15, 2018 that he had "complied with the above service requirements under Texas Rules of Appellate Procedure 9.5 and 25.1(e)." We explained that if Garcia failed to comply with our November 5, 2018 order, this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 42.3(c). *See* TEX. R. APP. P. 42.3(c) (allowing dismissal of appellant's appeal if appellant fails to comply with a requirement of the Texas Rules of Appellate Procedure or an order of this Court).

Garcia has not filed written proof in this Court as ordered. Therefore, this appeal is dismissed. *See id.*

PER CURIAM